CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
9/12/2024
LAURA A. AUSTIN, CLERK
BY: /C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALAV THAKORE, | ) |
|     Plaintiff, | ) Civil Action No. 7:24-cv-00423 |
| v. | ) **ORDER** |
| SARAH WEBER, | ) By:   Hon. Thomas T. Cullen |
| | )        United States District Judge |
|     Defendant. | ) |

Plaintiff Malav Thakore ("Thakore") filed a Complaint in this court on July 2, 2024. (ECF No. 1.) Defendant Sarah Weber ("Weber") thereafter filed a Motion to Dismiss for Lack of Jurisdiction ("the Motion") (ECF No. 15), and Thakore filed an Amended Complaint as a matter of right (ECF No. 17). *See* Fed. R. Civ. P. 15(a)(1)(B). Because the Amended Complaint supersedes the original Compliant, Weber's Motion is moot. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001), *abrogated on other grounds by Short v. Hartman*, 87 F.4th 593, 609 (4th Cir. 2023) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect."). Therefore, Weber's Motion is **DENIED**.

On September 6, 2024, after Thakore filed his Amended Complaint, Weber filed an Answer. (ECF No. 18.) Among her affirmative defenses, Weber states that "[t]he Complaint, in its entirety, fails to state a cause of action for which relief may be granted," and "[t]his Court lacks subject-matter jurisdiction to entertain [Thakore's] claims." (*Id.* at 11–12.) The Answer contains no further explanation of the basis for these statements.

Although these defenses are properly included in a responsive pleading, a motion asserting them is ordinarily filed *before* pleading. *See* Fed. R. Civ. P. 12(b). Because Weber has

not filed a motion or otherwise advanced an argument for dismissal, the court will not consider a purported failure to state a claim at this time. *But see* Fed. R. Civ. P. 12(i) (permitting a party to move for dismissal for failure to state a claim at any time before trial).

But this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under 28 U.S.C. § 1332, federal courts have subject-matter jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state," unless the subject of the foreign state is "lawfully admitted for permanent residence in the United States and [is] domiciled in the same state." 28 U.S.C. § 1332(a)(2). Because Thakore alleges that he is a citizen of India who resides in Colorado,[1] that Weber is a citizen of California, and that the amount in controversy exceeds $75,000 (*see* Am. Compl. ¶¶ 3–7 [ECF No. 17]), the requirements of § 1332 are met.[2] Therefore, based on the pleadings, the court has subject-matter jurisdiction over this case. If there are other grounds to attack subject-matter jurisdiction, that claim may be brought through a properly filed motion.

---

[1] At the time he filed his original Complaint, Weber was living in Virginia. He has since moved to Colorado. (Am. Compl. ¶ 3 n.1.)

[2] In her Motion, Weber contended that Thakore was not a citizen of Virginia and therefore could not bring suit in this court. (*See generally* Br. in Supp. Mot. to Dismiss, Aug. 12, 2024 [ECF No. 16].) But that argument seems to conflate subject-matter jurisdiction with venue. It is not required that a plaintiff be a resident of state in which a federal court is located to bring suit in that court. Rather, this case is properly brought in this court because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2).

- 3 -

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 12 day of September, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE